IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DALE WILLIAM GILLEY, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:21-CV-501-RAH |
| | ) |
| SGT. MURRY, | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

On August 21, 2024, the Magistrate Judge recommended the Defendants' Motion for Summary Judgment (Doc. 51) should be granted and this case dismissed with prejudice. On September 18, 2024, Plaintiff Dale William Gilley, Jr., filed Objections (Doc. 83) to the Magistrate Judge's Recommendation (Doc. 82).

When a party objects to a Magistrate Judge's Recommendation, a district court must review the disputed portions de novo. 28 U.S.C. § 636(b)(1). The Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b)(3). De novo review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). *See also United States v. Gopie,* 347 F. App'x 495, 499 n.1 (11th Cir. 2009). However, objections to the Magistrate Judge's

Report and Recommendation must be sufficiently specific to warrant de novo review. *See Macort v. Prem, Inc.,* 208 F. App'x 781, 783-85 (11th Cir. 2006). Otherwise, a Report and Recommendation is reviewed for clear error. *Id.*

The Plaintiff sets forth several objections to the Magistrate Judge's Recommendation. The crux of most of his argument is that the Magistrate Judge refused to consider unsworn filings. In the Recommendation, the Magistrate Judge noted that facts as alleged in a complaint, response, or any other pleading are not considered as "sworn facts" for purposes of summary judgment when the document is unsworn. (Doc. 82 at 3-4.)  This Court agrees that "[u]nsworn statements may not be considered by a district court in evaluating a motion for summary judgment." *Roy v. Ivy*, 53 F.4th 1338, 1347 (11th Cir. 2022). Although the statements in the Complaint and other pleadings are not sworn or otherwise verified, the Magistrate Judge did analyze the Plaintiff's deliberate indifference claim.

The Plaintiff objects on the basis that the Magistrate Judge failed to address his claims against Defendant Murry in his individual capacity. The Court disagrees. In his analysis, the Magistrate Judge initially determined that summary judgment should be granted on the Plaintiff's claims for monetary damages against the Defendant in his official capacity. Thereafter, the Magistrate Judge addressed the claim for deliberate indifference against the Defendant in his individual capacity. (Doc. 82 at 7-12.)

Importantly, there is nothing in the record demonstrating a genuine dispute of material fact concerning the Plaintiff's claim that Defendant Murphy acted with deliberate indifference to his health. Summary judgment is appropriate when the movant shows there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute "is 'genuine' if the record as a whole could lead a reasonable trier of fact to find for the nonmoving party .... [A fact] is 'material' if it might affect the outcome of the case under the governing law." *Redwing Carriers, Inc. v. Saraland Apartments*, 94 F.3d 1489, 1496 (11th Cir. 1996) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In his Objections, the Plaintiff argues that the record establishes that Defendant Murry should have known he needed medical treatment based on his prior diagnosis of chronic hepatitis and because he should have used common sense. (Doc. 83 at 10-11.) There is no evidence demonstrating that Defendant Murry was aware of Plaintiff's medical history at the time of the request.[1]

---

[1] Even if the Court were to assume the Plaintiff's statements as set forth in the Complaint were verified, the statements do not create a genuine dispute of material fact with respect to deliberate indifference to a "serious medical need". When the Plaintiff requested medical treatment late in the evening on July 22, 2021, the Defendant advised him that a doctor was not present and to complete a health care request form. (Doc. 1-1 at 1.) The Plaintiff believes Defendant Murphy should have sent him to a nurse for a health screening or to a healthcare facility for immediate medical treatment. (*Id*. at 2.) Although the Plaintiff states that he at first believed he was suffering from a heart attack, he was not suffering from one. The health records show that, on July 24, 2021, he presented to the Staton Health Care Unit emergency room with a report of right-sided pain under his rib cage. (Doc. 51-4 at 38.) A nurse completed a body chart with a notation that his condition was "stable" and a progress note stating that pain was produced upon "deep palpation". (*Id*. at 37-38.) During a follow-up visit on July 26, 2021, healthcare personnel entered a notation that the Plaintiff reported feeling better. (*Id*. at 31.) The medical provider recommended that he

This Court has independently reviewed the record, including the parties' pleadings and motions, the Magistrate Judge's Recommendation, and the Plaintiff's Objections. Accordingly, it is

ORDERED as follows:

1. The Objections (Doc. 83) are OVERRULED;

2. The Magistrate Judge's Recommendation (Doc. 82) is ADOPTED;

3. The Motion for Summary Judgment (Doc. 51) is GRANTED;

4. This case is DISMISSED with prejudice;

5. Costs are taxed against the Plaintiff.

A final judgment will be filed separately.

DONE, on this the 27th day of September 2024.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE

---

decrease Tylenol usage and increase fluids. (*Id*.) A laboratory report collected on July 26, 2021, did indicate some clinical abnormalities, such as his liver enzyme count. (*Id*. at 19.) The Plaintiff has not presented sufficient evidence that he actually had a serious medical need requiring immediate treatment at the time he spoke with the Defendant or what the actual injury caused by the failure to receive immediate medical treatment may have been.

4